UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELAVAU, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| CORBION NV and CARAVAN ) | **JURY DEMANDED** |
| INGREDIENTS, INC., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Delavau, LLC ("Delavau), for its Complaint against Defendants Corbion NV and Caravan Ingredients, Inc. (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35. U.S.C. § 1 *et seq*., and seeking damages and injunctive relief under 35 U.S.C. §§ 271, 281, 283-285.

**THE PARTIES**

2. Plaintiff Delavau is a limited liability company organized under the laws of the State of Delaware, with headquarters at 10101 Roosevelt Boulevard, Philadelphia, Pennsylvania 19154, and a principal place of business of its Food Division at 41 Suttons Lane, Piscataway, New Jersey 08854.

3. Delavau is a leading developer and manufacturer of nutritional enhancement technology for the baking industry. Among Delavau's patented innovations are calcium-fortified leavened breads and calcium blends for making such breads.

1

4. On information and belief, Corbion NV is a limited public company existing under the laws of the Netherlands, with a principal place of business at Piet Heinkade 127 Diemen, 1019 GM Netherlands, and with business operations in various locations across the United States including, but not limited to, manufacturing and product development facilities within the District of New Jersey in Totowa (100 Adams Drive) and East Rutherford (96 East Union Avenue) (*see*, *e.g.*, www.caravan products.com/about-corbion/contact/north-america).

5. On information and belief, Caravan Ingredients, Inc. is a subsidiary of Corbion NV, with headquarters at 7905 Quivira Road, Lenexa, Kansas 66215, as well as principal places of business at 100 Adams Drive, Totowa, New Jersey 07512 and 96 East Union Avenue, East Rutherford, New Jersey 07073 (see, e.g., www.caravan products.com/about-corbion/contact/north-america).

6. On information and belief, Defendants have and continue to market calcium blends, including within this District via the internet (*see*, *e.g.*, www.caravan products.com/food/bakery/brands/nutrivan and Exhs. B-I attached hereto), with knowledge of Delavau's patents, and by doing so, have made, or caused to be made, bread products fortified with calcium at the "good source," "excellent source," or higher levels, knowing that such calcium blends and bread products infringe Delavau's patents.

**JURISDICTION AND VENUE**

7. The Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a), and Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. On information and belief, this Court has personal jurisdiction over Defendants because Defendants maintain offices and facilities in this District, including but not limited to, manufacturing and product development facilities located at 100 Adams Drive, Totowa, New

Jersey 07512 and 96 East Union Avenue, East Rutherford, New Jersey 07073 (see, e.g., www.caravan products.com/about-corbion/contact/north-america).

9. On information and belief, Defendants manufacture and distribute products and ingredients for use in the food and baking industry, including bread bases, mixes, vitamin and mineral premixes, custom nutritional premixes, and flour fortification blends, throughout the United States, including within this District, and continuously, systematically, and purposefully solicit and conduct business within this District, including but not limited to the offer for sale and sale of products to residents of this District, including with respect to products at-issue in this action (see, e.g., www.caravan products.com/food/bakery/brands/nutrivan).

10. Venue in this District is proper under 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400 in that, *inter alia*, Delavau and the Defendants all have principal places of business including manufacturing facilities in this District and, on information and belief, the patented calcium-fortified bread products are being made, offered for sale and/or sold in this District, and a substantial amount of injury will be inflicted on Delavau's business by unauthorized infringing sales in this District.

**FACTUAL BACKGROUND**

11. Delavau is the owner of all right, title, and interest in and to United States Patent No. 7,595,075 ("the '075 Patent"). The '075 Patent is titled "CALCIUM FORTIFICATION OF BREAD DOUGH," and was filed on August 4, 2006, and duly and legally issued by the United States Patent and Trademark Office on September 29, 2009. Some of the claims were modified in reexamination, and the Reexamination Certificate for U.S. Patent No. 7,595,075 C1 was issued on November 1, 2011. A true and correct copy of the '075 Patent, including the Reexamination Certificate, is attached as Exhibit A.

12. The '075 Patent is currently in full force and effect, has been reexamined by the U.S. Patent Office, and, in accordance with 35 U.S.C. § 282, the '075 Patent, and each and every claim thereof, is presumed to be valid.

13. The '075 Patent claims, among other things, breads fortified with calcium carbonate at specified levels, including at the "good source" or "excellent source" levels of calcium, and methods of making them. These patented calcium-fortified bread products have been made, used, promoted and sold by Delavau's customers using Delavau's proprietary calcium blends at stores and fast food restaurants throughout the United States including in this District. Delavau engaged in extensive efforts to develop its patented calcium-fortified breads and calcium additives used to make them.

14. On information and belief, Defendants manufacture, offer for sale, sell, and market calcium blends and other products that contain calcium carbonate for use by the food and baking industries to fortify breads with calcium at the "good source," "excellent source," or higher levels, including at least Defendants' Nutrivan® line of products, and bread bases to make calcium-fortified white bread, rolls, and hearth bread (collectively, "Calcium Blend Products"). On information and belief, Defendants have profited through their direct infringement of the '075 Patent by their offer for sale, sale, and manufacture of calcium-fortified breads, and/or through their indirect infringement by encouraging, instructing, and causing others, including manufacturers in the baking industry, to infringe the '075 Patent. Defendants' product literature for Nutrivan®, for example, states that Defendants are a "partner" to manufacturers who wish to "deliver on consumer needs by creating cost-effective fortification premixes" for use in baked goods, including premixes designed to "support the skeletal system" and for "bone health," and blends "formulated to give 10% RDI" or "formulated to give 20% RDI" of 14 specific vitamins and minerals, including calcium, in the customer's "end product." (*See, e.g.,* www.caravan

products.com/food/bakery/brands/nutrivan and attached Exhibits B-F.) In addition, Defendants advise customers, including on their website, that certain of their Calcium Blend Products for bakery products are "formulated to provide about 1/3 of the daily requirement for Calcium." (*See id.*, and attached Exhibit G.)

15. On information and belief, Defendants instruct and encourage their partner manufacturing customers to use Defendants' Calcium Blend Products to make baked products and instruct customers that "when following the provided formula, bread will contain an excellent source of calcium." (*See id.,* and attached Exhibits H and I.)

16. On information and belief, the breads fortified to provide 10%, 20%, and 1/3 of the daily requirement of calcium and manufactured with Defendants' Calcium Blend Products are covered by one or more claims of the '075 Patent. On information and belief, the white breads and rolls fortified at the "excellent source" level of calcium are covered by one or more claims of the '075 Patent.

17. On information and belief, breads made by Defendants and/or by Defendants' customers using Defendants' Calcium Blend Products as directed, instructed, and encouraged by Defendants, including white breads and rolls, will be made with the same types of flour and will have the same pH, particle sizes, and substantially identical taste, texture, volume, and crumb structure as called for in the claims of the '075 Patent. Delavau has tried to obtain information to confirm all of these considerations, but has been unable to do so through public sources, and thus has sought it from Defendants.

18. On December 17, 2014, Delavau wrote to Defendants, referring to several of Delavau's patents covering calcium fortification of breads, including the '075 Patent. In the same letter, Delavau asked Defendants to provide certain product-related information that is in Defendants' possession, custody and control, but which is not available to Delavau through

5

publicly accessible sources, including to: (1) confirm whether the Nutrivan products or any of Defendants' other premixes or blends contain calcium carbonate; and (2) provide Delavau with a copy of the product datasheets and other relevant information concerning the ingredients of Nutrivan products, or any other premix or blend containing calcium carbonate. Delavau further requested that Defendants immediately cease marketing their premixes or ingredients for calcium fortification of breads at the good, excellent, and higher source levels. Follow-up requests were made in January of 2015.

19. Despite multiple requests, however, Defendants have not provided to Delavau the requested information, even though information such as whether the Nutrivan products and other premixes and blends contain calcium carbonate or an ingredient list for the appropriate products should be readily available to Defendants. To date, Defendants have also not provided a good faith basis for believing that they do not directly or indirectly infringe the '075 Patent, and particularly a good faith basis for believing that their actions, or the actions they encourage and instruct their customers to take and the resulting products, do not infringe. On information and belief, the requested datasheets and ingredients lists referenced in Exhibits G and H to this Complaint are made available to and relied upon by customers, because Defendants instruct customers to follow Defendants' formula on the datasheets to make bread that will contain an excellent source level of calcium.

20. Defendants have had actual knowledge of the '075 Patent prior to the filing of this suit and, on information and belief, specifically intended to encourage their customers to use the Calcium Blend Products to make calcium-fortified breads in direct infringement of the '075 Patent.

21. Since receipt of the letter, Defendants have continued to market their blends and premixes for calcium fortification of breads at the good or excellent source level, including the

Calcium Blend Products. The Nutrivan products are still advertised to customers on Defendants' websites as suitable for fortifying baked goods with calcium in amounts covered by the claims of the '075 Patent.

22.     On information and belief, Defendants are infringing and will infringe or will cause to be infringed, one or more claims of the '075 Patent by the manufacture, importation, use, sale, and/or offer for sale calcium blends used to fortify breads at the good source, excellent source, or higher levels using Delavau's patented technology.

23.     On information and belief, despite Defendants' actual knowledge of the '075 Patent, Defendants have willfully maintained their infringing activities, with the specific intent and for the sole and exclusive purpose that their customers would use the Calcium Blend Products to manufacture, import, use, sell, and/or offer for sale of breads fortified with calcium at the good source, excellent source, or higher levels, thereby directly infringing the '075 Patent.

24.     Defendants' actions have caused and will continue to cause substantial damages to Delavau and its business operations, including monetary damages as well as irreparable injury, and unless such acts are restrained by this Court, Delavau will continue to suffer substantial monetary damages as well as irreparable injury.

## PATENT INFRINGEMENT

### (Direct and Indirect Infringement – 35 U.S.C. § 271(a), (b) and (g))

25.     Delavau incorporates by reference the allegations contained in Paragraphs 1–24 of this Complaint as if fully set forth herein.

26.     On information and belief, Defendants have made, used, sold, and offered for sale and, absent being enjoined by this Court, will continue to make, use, sell, and offer for sale within the United States (including within this District) and/or import into the United States,

breads fortified with calcium at the good source, excellent source, or higher levels, using their Calcium Blend Products, without license from Delavau. On information and belief, such activities constitute direct infringement under 35 U.S.C. § 271(a) and (g).

27. On information and belief, Defendants have also indirectly infringed, including under 35 U.S.C. § 271(b), by actively inducing, causing, and/or encouraging the manufacture, import, use, sale, and/or offer for sale of breads and dough fortified with calcium at the good source, excellent source, or higher levels using Defendants' Calcium Blend Products as described above, with full knowledge of the '075 Patent and with the intent, knowledge and/or willful blindness of the fact that Defendants' actions constituted patent infringement.

28. As a direct and proximate consequence of the acts and practices of Defendants, Defendants have also caused, are causing and, unless such acts and practices are enjoined by the Court, will continue to cause irreparable harm to Delavau for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U. S. C. § 283.

29. As a direct and proximate consequence of the acts and practices of Defendants, Delavau has been, is being and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

30. On information and belief, Defendants' infringing acts have been committed and maintained despite an objectively high likelihood that their actions would result in infringement the '075 Patent, and with actual knowledge of such risk by Defendants.

31. On information and belief, Defendants infringing acts are, have been, and continue to be willful, with full knowledge of the '075 Patent, and in willful, wanton, reckless, and deliberate disregard thereof, warranting a trebling or other increase of damages under 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Delavau respectfully requests that this Court enter a Judgment and Order:

a. Declaring that Defendants have directly and/or indirectly infringed, including but not limited to by actively inducing infringement of, one or more claims of the '075 Patent under 35 U.S.C. § 271;

b. Preliminarily and permanently enjoining Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from committing further acts of infringement of one or more claims of the '075 Patent pursuant to 35 U.S.C. § 283;

c. Awarding Delavau its lost profits and other damages adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty, in accordance with 35 U.S.C. § 284;

d. Declaring Defendants' infringement to be willful and that Delavau is entitled to increased damages under 35 U.S.C. § 284;

e. Deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Delavau to an award of its reasonable attorney fees, expenses and costs in this action;

f. Awarding Delavau such other and further relief as this Court may deem to be just and proper.

## **DEMAND FOR JURY TRIAL**

Delavau hereby demands a trial by jury on all issues in this action that are so triable as a matter of right and law.

Respectfully submitted,

DATED:  February 13, 2015      By:   /s/ *Douglas R. Weider*
Douglas R. Weider
**GREENBERG TRAURIG, LLP**
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932
Telephone:  (973) 360-7900
Facsimile:  (973) 301-8410
Email: weiderd@gtlaw.com

*Of Counsel*
Jonathan D. Ball
Richard C. Pettus
**GREENBERG TRAURIG, LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-2223
Facsimile: (212) 801-6400
Email: ballj@gtlaw.com

*Attorneys for Plaintiff*
*Delavau, LLC*